NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SYNQOR, INC.,**
*Plaintiff-Appellee,*

v.

**ARTESYN TECHNOLOGIES, INC. AND ASTEC AMERICA, INC.,**
*Defendants-Appellants,*

AND

**BEL FUSE, INC.,**
*Defendant-Appellant,*

AND

**CHEROKEE INTERNATIONAL CORP. AND LINEAGE POWER CORP.,**
*Defendants-Appellants,*

AND

**DELTA ELECTRONICS, INC., DELTA PRODUCTS CORP., MURATA ELECTRONICS NORTH AMERICA, INC., MURATA MANUFACTURING CO., LTD., MURATA POWER SOLUTIONS, INC., AND POWER-ONE, INC.,**
*Defendants-Appellants.*

---

2011-1191, -1192, -1193, -1194

---

Appeals from the United States District Court for the Eastern District of Texas in case no. 07-CV-0497, Judge T. John Ward.

---

## ON MOTION

---

Before RADER, *Chief Judge,* NEWMAN and BRYSON, *Circuit Judges.*

PER CURIAM.

### ORDER

The appellants move for a stay, pending appeal, of the permanent injunction entered by the United States District Court for the Eastern District of Texas. SynQor, Inc. opposes. Artesyn Technologies, Inc. et al., Bel Fuse, Inc., and Cherokee International Corp. et al. reply.

The power to stay an injunction pending appeal is part of a court's "'traditional equipment for the administration of justice.'" *Nken v. Holder,* 129 S.Ct. 1749, 1757 (2009) (citing *Scripps-Howard Radio, Inc. v. FCC,* 316 U.S. 4, 9-10 (1942)). A stay, however, is not a matter of right but instead an exercise of judicial discretion. *Nken,* 129 S.Ct at 1761. The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion based on consideration of four factors, the first two of which are the most critical: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987).

The motions papers contain similar arguments by the appellants that a stay of the injunction is needed to allow their end customers, Cisco, Juniper, Fujitsu, Cray, Radisys, and Enterasys, to transition to non-infringing products. These similarities notwithstanding, certain distinctions warrant treating each request for a stay on its own merits.

To that end, the appellants have met their burden to obtain a stay as to the enjoined converters sold to Radisys and Enterasys, particularly in light of the fact that it is not materially disputed that SynQor does not manufacture and sell a suitable replacement for Radisys' and Enterasys' products. Thus, a non-infringing alternative is likely unavailable before this appeal can be decided or before September 30, 2011—the date it is estimated a non-infringing converter can be in use.

A similar showing in the papers has not been made as to other end customers. With regard to Cray and Juniper, the district court stated that it was "self-serving and inconsistent" for the defendants to now assert an acceptable non-infringing substitute is unavailable and they need more time when their own expert testified an alternative does exist. The request to stay the injunction with regard to converters sold to Fujitsu must also be denied. The district court pointed out that SynQor asked for but never received the full specification to establish whether an adequate substitute for Fujitsu could be provided, this despite what appeared only to be an insignificant distinction between the converters. In light of the district court's findings and our review of the arguments and harms as stated in the papers, we cannot say the appellants have demonstrated a stay as to Cray, Juniper, and Fujitsu is warranted.

Finally, regarding Cisco, to which all of the appellants have supplied enjoined bus converters, the appellants have demonstrated that a partial stay of the injunction is

warranted. The district court found that SynQor's qualified bus converters "account for over 67% of Cisco's disclosed U.S. sales of end products containing the bus converters at issue." However, it appears to be undisputed that SynQor does not produce at least thirty-two models of converters used by Cisco, and we conclude that a stay should be granted as to those models that SynQor does not provide.

The stay of the injunction as set forth above will end at the earliest of: (1) this court's final determination of these consolidated appeals, (2) September 30, 2011, or (3) provision by SynQor of a technically qualified replacement. While the stay remains in place, the appellants are directed to pay into escrow a $12 royalty per unit rate sold.

Accordingly,

IT IS ORDERED THAT:

The motions for a stay, pending appeal, of the permanent injunction are granted in part.

FOR THE COURT

**APR 1 1 2011**

Date

/s/ Jan Horbaly

Jan Horbaly
Clerk

cc: Donald R. Dunner, Esq.
Constantine L. Trela, Jr., Esq.
Steven N. Williams, Esq.
Alan D. Smith, Esq.
Eric W. Benisek, Esq.
William F. Lee, Esq.

s19

**FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

APR 1 1 2011

JAN HORBALY
CLERK**